## SECOND DEPARTMENT, MARCH, 1933.

In the Matter of Acquiring Title by THE CITY OF NEW YORK, Appellant, to Certain Lands and Premises Situate on the Southerly Side of Neptune Avenue, between West Thirty-third and West Thirty-fifth Streets, in the Borough of Brooklyn, City of New York, Duly Selected as a Site for School Purposes, According to Law. AGELOFF REALTY CO., INC., Respondent.

PER CURIAM. The claimant's title may not be sustained on the language respecting land under water, contained in the Tracey deed. (*Nevins* v. *Friedauer*, 198 App. Div. 250.) The *Nevins* case concerned land to the north of Neptune avenue and involved many other factors not here present. It was there noted that title to similar land south of Neptune avenue was not contested by the city. The holding in that case, therefore, is not decisive of this case, except in so far as concerns the naked effect of the language in the Tracey deed. The claimant's title herein to the school site can be sustained on several grounds. One suffices — to wit, that the school site is within the description of upland in the Tracey deed as a consequence of the doctrine of accretion. The town of Gravesend, acting in its governmental capacity in laying out Neptune avenue, could not deprive the upland owner of lot 46 of his riparian rights, which enabled the upland owner to have the full benefit of accretion, which was accelerated by the acts of the town in laying out Neptune avenue. Either or both of these causes resulted in the mean high-water line of Gravesend bay being to the north of Neptune avenue on May 1,

1890, when the town of Gravesend, in its proprietary capacity, conveyed to Tracey. There was credited evidence in this case from one Voorhies that at this point the high-water line had moved north nearly 300 feet between 1885 and 1890. The proof with regard to the opening of certain streets (West Thirty-third and West Thirty-fifth streets) and the acceptance by the town of a deed of cession from Lizzie Ferguson, the proof of the levying of assessments for benefit of the then owner of lot 46, and the making of an award for damage to the then owner of lot 46 as a consequence of the opening of Neptune avenue, all indicate that the high-water line was at least to the north of Neptune avenue, and, therefore, the land within lot 46 to the south of Neptune avenue was not land under water, and, as a consequence, came within the upland description in the Tracey deed. This view makes recourse unnecessary to the invalid grant of land under water in Gravesend bay adjacent to lot 46, contained in the Tracey deed. The decree should be affirmed, with costs. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ. Decree unanimously affirmed, with costs.

Pursuant to the provisions of rule 1 of the Rules of Civil Practice, LeRoy N. Mills, Esq., residing at Hartsdale, in the county of Westchester, is hereby appointed a member of the committee on character and fitness of applicants for admission to the bar in and for the Ninth Judicial District, in place of Burton C. Meighan, deceased, to serve on such committee during the pleasure of the court; such appointment to take effect March 1, 1933. Present — Lazansky, P. J., Young, Carswell, Scudder, Tompkins and Davis, JJ.